## GEORGIA PINE TURPENTINE CO. v. NEWMAN.

(Supreme Court, Appellate Term.  January 7, 1904.)

1. **TRIAL—INSTRUCTIONS—FAILURE TO OBJECT—REVERSAL ON APPEAL.**

In an action to recover the price of coal tendered defendant under a contract, the court withdrew from the jury all evidence supporting the defense that the coal tendered was of inferior quality, but subsequently charged that, if they believed the coal was of inferior quality, they might take that fact into consideration. The court also instructed that there was no evidence in support of the other defense, which was of sales by plaintiff to others in violation of the agreement, and yet subsequently submitted that defense to the jury. There were other inconsistencies in the charge, and, although the record showed plaintiff entitled to judgment as a matter of law, the jury found for defendant. *Held* that, notwithstanding plaintiff's failure to object to the charge, the Appellate Term should, in the interest of justice, order a new trial.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Georgia Pine Turpentine Company against Edgar B. Newman. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals.  Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Eugene N. Robinson, for appellant.
James A. Allen, for respondent.

GREENBAUM, J.  The action was brought to recover the purchase price of 845 sacks of coal which the plaintiff claims were tendered by it to the defendant under a written agreement between the parties, and which the defendant refused to accept.  The chief defenses attempted to be litigated were, first, that the charcoal furnished was not of the quality provided for by the contract; and, secondly, that the plaintiff sold the charcoal in the city of New York in violation of the terms of the contract.  The charcoal proffered by plaintiff had not been examined by the defendant.  The justice before whom the case was tried, in charging the jury with reference to the first defense, that the goods were not of the quality agreed upon between the parties, first instructed them that they were not to consider certain evidence which had been taken as to the quality of charcoal delivered under a previous contract between the parties.  With that testimony out of the case, there was no proof that the rejected goods were not of the quality agreed upon, and yet the jury were subsequently told that if they believed that the charcoal tendered was of an inferior quality of pine wood charcoal, they may take that into consideration in arriving at a verdict.  With respect to the second defense—as to the sale of charcoal to other persons than the defendant within the city of New York—the court first instructed the jury that there was no evidence (as in fact there seems to have been none) that any such sale was made prior to the day when the defendant rejected the charcoal in suit, and thereafter instructed the jury that, if they found that such sale to third parties was made prior to the rejec-

tion, they may take that into consideration. There were other inconsistencies in the charge, which it is unnecessary to indicate. So far as the record shows, the plaintiff would have been entitled to a judgment without the submission of any fact to the jury. The case presents such irreconcilable and contradictory statements of the court in the charge that, notwithstanding the omission of plaintiff's counsel to note any objections thereto, we think that the exceptional situation disclosed warrants this court, in the interest of justice, to order a new trial.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.